IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TOYSZON HYSON** | § § § § | |
| *Plaintiff*, | § § | |
| VS. | § § | **CIVIL ACTION NO. 5:23-CV-1100** |
| **AMICA MUTUAL INSURANCE COMPANY** | § § § § § § | **(JURY TRIAL)** |
| *Defendant.* | § | |

## DEFENDANT AMICA MUTUAL INSURANCE COMPANY NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Amica Mutual Insurance Company ("Defendant"), Defendant in the above-styled cause, and file this Notice of Removal of the present cause from the 225th Judicial District Court of Bexar County, Texas in which it is now pending, to the United States District Court for the Western District of Texas, Austin Division, showing the Court as follows:

### I. INTRODUCTION & BACKGROUND

1.1   On August 1, 2023, Plaintiff Toyszon Hyson ("Plaintiff") filed suit against Amica Mutual Insurance Company ("Defendants") in the 225th Judicial District Court of Bexas County, Texas, styled Cause No. 2023CI14254; *Toyszon Hyson v. Amica Mutual Insurance Company.* Attached as Exhibit A is a true and correct copy of Plaintiff's Original Petition (the "Petition")The suit arises out of a motor vehicle accident that occurred on or about June 3, 2022, in Bexar County, Texas.  See *Id*.

1

1.2     Plaintiff effected service upon Defendant Amica Mutual Insurance Company on August 1, 2023.

1.3     Defendant Amica Mutual Insurance Company filed its Original Answer in the 225th Judicial District Court of Bexar County, Texas on August 29, 2023.

1.4     Defendant Amica Mutual Insurance files this notice of removal within 30 days of receiving service of Plaintiff's pleadings. *See* 28 U.S.C. §1446(b).

## II. BASIS FOR REMOVAL

2.1     The underlying state court action is one in which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) because the matter in controversy exceeds the sum or value of $75,000 exclusive of costs and interest and because there is complete diversity between Plaintiff and Defendant, which are citizens of different states.

2.2     Although Defendant denies that Plaintiff is entitled to any relief whatsoever, the requirement that the amount in controversy exceeds $75,000 is satisfied because Plaintiff is claiming damages for past lost wages, future loss of earning capacity, economic damages, compensation for pain and suffering and mental anguish. *See* Exhibit A PLAINTIFF'S ORIGINAL PETITION AT ¶ VI.  Given the totality of Plaintiff's claims and pleadings, the amount in controversy exceeds $75,000.

2.3     Plaintiff was at the time of filing this action, and still is, a citizen of the State of Texas.

2.4     Defendant Amica Mutual Insurance Company is and was at all relevant times a Rhode Island corporation with its primary place of business in Providence, Rhode Island. Therefore,

Defendant Amica Mutual Insurance Company is a citizen of Rhode Island. Defendant Amica Mutual Insurance is not a citizen of Texas.

2.5     Thus, complete diversity of citizenship existed at the time of the commencement of this action and it exists now.

2.6     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

2.7     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

2.8     Pursuant to 28 U.S.C. §1446(d), promptly after Defendants file this Notice, written notice of the filing will be given to Plaintiff, the adverse parties.

2.9     Pursuant to 28 U.S.C. §1446(a) and applicable Local Rules, copies of the following documents are attached collectively:

- **Exhibit 1:** Index of State Court Documents;
- **Exhibit 2:**
    - The State Court's Docket Sheet;
    - Citation;
    - Citation Return;
    - Affidavit of Service;
    - Plaintiff's Original Petition and Jury Demand;
    - Defendants' Original Answer and Jury Demand;
- **Exhibit 3:** List of All Parties;
- **Exhibit 4:** List of Attorneys;
- **Exhibit 5:** Jury Trial Request;

- **Exhibit 6:** State Court's Name and Address.

2.10    Counsel for Defendant Amica Mutual Insurance Company has provided written notice of the filing of this Notice of Removal to all attorneys of record and to the Clerk of the District Court of Burleson County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.  CONCLUSION & PRAYER

3.1    Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Amica Mutual Insurance Company hereby remove this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: _____
Andrew J. McCluggage
State Bar No. 24065708
Federal Bar No.
amccluggage@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
(713) 403-8210; Fax: (713) 403-8299

**COUNSEL FOR DEFENDANT AMICA MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  THIS IS TO CERTIFY that a true and correct copy of this document has been sent to all known counsel of record pursuant to the FEDERAL RULES OF CIVIL PROCEDURE on the 31st day of August 2023, as follows:

*<u>Via E-file</u>*
DAVIS LAW FIRM
Robert L. Rush
State Bar No. 17401550
10500 Heritage Blvd., Suit 102
San Antonio, Texas 78216
Ph: (210) 444-4444
Fax: (210) 785-0806
Email: robertr@davislaw.com

***Attorneys for Plaintiff***

By: _____
   ANDREW J. MCCLUGGAGE